Fernandez v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ of December, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> > <u>Circuit Judges</u>.

_____

JOE FERNANDEZ,

> <u>Petitioner–Appellant</u>,

> -v.-                                                               18-6

UNITED STATES OF AMERICA,

> <u>Respondent-Appellee</u>.

_____

**FOR PETITIONER-APPELLANT:** Ruth M. Liebesman, Paramus, NJ.

**FOR RESPONDENT–APPELLEE:** Russell Capone (with Sarah K. Eddy, on the brief), Assistant United States Attorneys, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, I.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joe Fernandez appeals from an order by the United States District Court for the Southern District of New York (Hellerstein, I.) denying his petition for a writ of habeas corpus. Fernandez was convicted after a jury trial of conspiracy to use interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958, and the use of a firearm in furtherance of a crime of violence resulting in the death of two victims, in violation of 18 U.S.C. §§ 924(j)(1) & (2). Fernandez argues that he is entitled to a new trial because the district court gave an incorrect instruction on aiding and abetting liability under § 924(c). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Fernandez argues that the instruction on aiding and abetting liability under § 924 was incorrect in light of the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014). Rosemond held that a defendant must have had "advance knowledge" that a firearm would be used in the commission of the crime in order to be liable for aiding and abetting under § 924. Id. at 81. The jury charge in this case (given before Rosemond was decided) did not specifically require a finding of such "advance knowledge".

Because Fernandez did not argue that the jury instruction was incorrect on direct appeal (even though Rosemond was decided before his direct appeal was

2

filed), his habeas petition is defaulted unless he can "first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'".   Bousley v. United States, 523 U.S. 614, 622 (1998) (citation omitted).

As to "cause", Fernandez argues that his appellate counsel was ineffective in failing to raise this objection.   See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) ("[C]onstitutionally ineffective assistance of counsel is . . . . cause." (internal quotation marks omitted)).   Fernandez has a non-frivolous argument that his counsel's assistance fell "below an objective standard of reasonableness" because his appellate counsel failed to raise an objection to the aiding and abetting instruction based on Rosemond.   Strickland v. Washington, 466 U.S. 668, 688 (1984).   Rosemond was decided before the direct appeal was filed, and the jury instruction on aiding and abetting under § 924(c) was deficient under Rosemond.

However, Fernandez must demonstrate that he was prejudiced by the improper instruction to obtain collateral relief on his defaulted claim.

To demonstrate that he suffered prejudice from an error in a jury charge, Fernandez must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."   United States v. Frady, 456 U.S. 152, 169 (1982) (citation omitted).   It is not enough for the petitioner to show that "the instruction is undesirable, erroneous, or even universally condemned."   Id.   The petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage."   Id. at 70.   This Fernandez has not done.

The Government's theory at trial was that Fernandez was hired by his cousin, Patrick Darge, to help commit two murders; that Darge told Fernandez to bring a gun to back him up during the murders; and that Fernandez accompanied Darge to the murder site with a gun, and shot one of the two victims when Darge's gun jammed.

There was ample trial evidence to support a finding that Fernandez was aware in advance that a firearm would be used to commit the murders.   Darge

3

testified that: he knew Fernandez owned a gun; Fernandez agreed to help Darge commit the murder-for-hire of two people; he told Fernandez to bring his gun; Fernandez agreed to bring a gun; Fernandez brought a gun and assembled it in front of Darge on the way to the site of the murders; and Fernandez brought the gun into the apartment building strapped to his shoulder and covered with his jacket. And according to testimony by an informant with whom Fernandez briefly shared a cell, Fernandez said that he was in jail because he participated in a crime with Darge and that Darge instructed him "to bring a weapon" when they "g[o]t together". Appellant's Br. 26. A third witness testified that Fernandez told him that he had fired his gun twice at the murder site.

Fernandez points out that regarding sufficiency of the evidence, some of the testimony was contradictory. For example, Darge's brother testified that Fernandez admitted that he fired first, and that Darge finished the job when Fernandez's gun jammed. However, because there was considerable evidence that Fernandez had advance knowledge of the use of a firearm in the commission of the murder-for-hire (and in fact brought a firearm to the murder site himself),[1] we cannot say that Fernandez has shown that the erroneous jury instruction worked to his "actual and substantial disadvantage". Frady, 456 U.S. at 170; see also United States v. Prado, 815 F.3d 93, 104-05 (2d Cir. 2016) (holding [1] that a defendant had not shown prejudice from a jury instruction that failed to comply with Rosemond where "[t]he evidence demonstrate[d] that, after the gun appeared, [the defendant] continued to play an active role in the crime" and [2] that a co-defendant was prejudiced by the erroneous instruction because "there [wa]s very limited evidence of advance knowledge of a gun or of [the co-defendant's] participation in the crime after the gun's appearance"). Considerable evidence supported Fernandez's guilt under the proper jury instruction, and he therefore has not satisfied the standard of prejudice required to overcome procedural default on an erroneous instruction claim.

---

[1] The jury need not have found that Fernandez actually committed the murder to find him guilty of aiding and abetting under § 924, even in light of Rosemond. It need only have been found that he had advance knowledge that a firearm would be used in the commission of the murder-for-hire. The evidence amply supported that finding such that the instruction did not infect the entire trial.

4

Fernandez argues that the jury could have found from the evidence that he was involved in the murder but that he was not carrying a firearm and lacked advance knowledge that Darge would have a firearm. According to Fernandez, the jury could have believed Darge's testimony that Fernandez was involved, but rejected Darge's testimony that Fernandez brought a firearm to the scene or knew that Darge intended to bring a firearm--a finding that would align Darge's testimony with the (otherwise inconsistent) testimony of the other two primary witnesses. Fernandez argues that he was prejudiced because, if the jury made such a finding, they would have found him innocent under the correct instruction.

But while it might have been *possible* for the jury to credit the testimony in such a way and make such a finding, a mere possibility that the jury could have done so is not enough. See Frady, 456 U.S. at 170. Fernandez bears the burden of showing that the erroneous instruction actually disadvantaged him, not that prejudice was possible.

Finally, Fernandez argues in a footnote in his opening brief and in two pages in his reply brief that he is actually innocent, such that his habeas petition is not defaulted. That argument is plainly meritless. His only argument in support of this claim of innocence is that the witnesses who testified against him were not credible, because their testimony was inconsistent and they all stood to benefit from blaming Fernandez for the crime. He does not support this argument with evidence sufficient to demonstrate that "it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 523. The jury was entitled to credit the witnesses who testified that Fernandez committed the crimes with which he was charged.

Accordingly, because Fernandez has not demonstrated cause and prejudice, his petition is procedurally defaulted.

5

We have considered the petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court